### JUSTY J. DEVEAUX V. FRANK LESLIE.

APPEAL FROM A PROCEEDING IN AID OF EXECUTION.

An appeal may be taken at the close of the examination before the justice in a proceeding in aid of execution in which the third person alleged to have in his hands certain money belonging to the judgment debtor is ordered to pay over such money to the judgment creditor.

ERROR to the Court of Common Pleas of Lucas county.

HAYNES, J.

This case is here upon a petition in error filed to reverse the judgment of the court of common pleas for dismissing a certain appeal.

The proceedings under which the questions arise here were had under an act passed on April 27, 1896, entitled "An act providing for proceedings in aid of execution before justices of the peace." Frank Leslie appeared before John M. Kenyon, a justice of the peace of Port Lawrence township, and filed an affidavit setting forth that he had procured a judgment against Justy J. Deveaux, no part of which had been paid, and that the Merchants' National Bank, of Toledo, Ohio, was liable to said J. J. Deveaux in a certain sum of money, and proceedings under

the statute were had, whereby a notice was issued to the bank to appear at a certain time to make answer, and service of notice was also made on the defendant of the time and place when this examination would occur. The bank appeared by Charles C. Doolittle, cashier, who was sworn and testified. The proceeding then recites that "May 12, 1897, parties appeared and trial was resumed. Upon hearing the testimony, and arguments of counsel, it is considered by me that the plaintiff have an order of this court upon the Merchants' National Bank of Toledo, Ohio, that said bank forthwith pay unto the plaintiff the sum of $11.87, being the amount of money due said defendant from said bank, as shown by the testimony of its cashier, to be applied, first, to the costs of this proceeding; and the balance, if any, to the discharge of said judgment. John M. Kenyon, J. P." Notice of appeal given by defendant May 12, 1897. Thereupon an appeal bond was filed on behalf of the defendant and on behalf of the bank, as it appears from the transcript. Transcript was filed in the court of common pleas, and thereupon afterwards it appears by the record that the bank came and moved that the appeal as to it be dismissed, which motion was granted, and then the case came on to be heard on the motion of the plaintiff Frank Leslie "to dismiss the appeal taken in the above entitled action from a certain order made in the court of John M. Kenyon, a justice of the peace in and for Port Lawrence township, Lucas county, Ohio, and the court being fully advised in the premises order that the said appeal be dismissed as to the said Justy J. Deveaux and at his costs." Thereupon he filed this petition in error to reverse the action of the court.

No arguments have been filed by counsel in the case on either side. The question stands before us as to whether the court of common pleas erred in dismissing that appeal. It will be observed that the appeal was taken at the close of the examination before the justice, and upon the order being made that the money be paid over to the plaintiff. This brings us to a discussion of the provisions of this act.

The act in substance provides :

"That when a judgment creditor, his agent or attorney, makes oath in writing before the justice of the peace who rendered the judgment, or before his successor, that the affiant has good reason to believe, and does believe, that any person, partnership or corporation, naming the same, is liable to the judgment debtor in any sum of money, whether then due or not, and that said money is not exempt from execution or attachment under the laws of the state of Ohio, the justice shall order such person, partnership or corporation, to appear before him at his office at a time and place specified in such order, and answer under oath respecting such liability."

The second section provides among other things :

'That the judgment debtor, if found within the county, shall be served with notice in writing at least three days before the hearing provided for in the foregoing section, which notice shall then be served like a summons."

The third provides :

"If the person, partnership or corporation against whom such order is issued, appear and answer, he shall be examined under oath touching the money for which he is liable as aforesaid, and the justice shall hear any proper evidence respecting the same."

If he fail to appear, it shall be taken that he is indebted. Section 4 provides:

"If it appear by the admission or examination of the person, partnership or corporation against whom the proceedings are pending, or by other evidence, that such person, partnership or corporation is liable for any money to the judgment debtor, whether sufficient to satisfy the judgment or not, the justice shall order such person, partnership or corporation, to pay the same to the judgment creditor to be applied first to the costs of the proceedings and the balance to the discharge of the judgment; but if it be shown that such sum of money is not yet due and payable, the ord r shall be for the payment thereof, at the time when it shall be due and payable, which time shall be stated in the order; no order shall b· for a sum in excess of such judgment and costs."

Now we come to sec. 5:

"If the justice shall make an order, pursuant to the preceding section, directing the payment of money by the person, partnership or corporation, against whom the aforesaid proceedings are instituted, and if such person, partnership or corporation fail to comply with said order, the judgment creditor may proceed against such person, partnership or corporation by civil action; and thereupon such proceedings may be had as in other civil actions, and judgment may be rendered in favor of the judgment creditor for what shall appear to be owing the judgment debtor by such person, partnership or corporation not exceeding the amount of such order and the costs of the proceedings against such person, partnership or corporation. An appeal shall lie from such proceedings to the common pleas court in like cases and manner as from other judgments of the justices of the peace."

The question is whether the proper construction of that statute is that the appeal only lies from the subsequent suit brought against the person or corporation to compel the payment of the money, or whether it lies from the original order to pay over mentioned in section 4. To me the question is of a good deal of doubt and uncertainty. However, we think there should be a liberal construction of the statute, and my brethren are more clear, I think, than I am, that the judgment of the court of common pleas should be reversed.

It will be observed, now if this civil action is brought the judgment will be rendered in favor of the judgment creditor for what shall appear to be owing to the judgment debtor—not for what the court shall order to be paid, but what shall then appear to be owing to the judgment debtor. The real question is, it seems to me, whether this original proceeding is of such a character that it is brought within the terms of the provisions for the appeal. It will be noticed that the entire act is denominated "proceedings in aid of execution." It is a proceeding from beginning to end, it is a proceeding from the time that it commences down to the time when the order is made that the sum found to be owing from the person or corporation is to be paid over on the judgment originally taken, as well as the proceeding had afterwards in the nature of a civil action to compel the payment.

One very material question, it seems to me, is whether this order is a final order; whether it is an order that can be contested afterwards in a civil action. It is true that upon the order being made the judgment debtor or the person who is called in, corporation or party, can pay this money over to the original plaintiff in the judgment. I suppose that that payment would conclude the judgment debtor.

Deveaux v. Leslie.

It will be noticed in this case that the judgment debtor is made a party to the original summons. It would seem that he would be bound by that examination, so long as he is made a party and brought before the justice, and that if payment is made by the party who is brought in, that would cut him off from ever contesting that question afterwards. We think, giving a liberal construction to the statute, that we ought to hold that the right of appeal will lie from the original order as well as from the final judgment which was made. If a suit should be brought as another civil action, and a judgment rendered in that case, then an appeal would lie. It would lie under the original appeal act, being a final order before a justice of the peace, and it would seem to be unnecessary to introduce this clause in regard to appeals unless it was intended to have a further application than a mere application to an appeal from that final order.

We sought to find some light in regard to the question, if possible, from decisions of the Supreme Court. We find only one case, Welch v. Railroad Co., 11 O. S., 569. There the question was taken up on error, no exception or bill of exceptions having been taken. The syllabus of this case is:

"Where in a proceeding before a judge, under sec. 464 of the code, to examine a person alleged to have in his hands property belonging to the judgment debtor, an order is made, after the examination, discharging such person as having no property in his hands subject to the satisfaction of the judgment; without some exception taken at the time, and some step to suspend the effect of the order, and on a petition in error to which the judgment debtor alone is a party, the action of the judge cannot be reviewed.

"Whether such proceeding is not merely *ex parte* and preliminary, and not subject to review on error —*quere* ?"

But in that proceeding it was not necessary to make the judgment debtor a party, although he might be made a party. In the present proceeding he must be made a party.

From all the light we can get we think the defendant had the right to appeal at the time he did. The judgment of the common pleas is therefore reversed and the cause remanded for further proceedings.

*B. F. Reno*, for plaintiff in error.

*Lewis B. Hall*, for defendant in error.